Final case of the day, United States v. Rogers Good morning. I'm here today on behalf of Booker Rogers, and we've raised a single issue regarding Mr. Rogers' sentencing, specifically the application of a six-level enhancement under United States Sentencing Guideline 2A3.5b1a. That provision, as the Court's well aware, relies on the definition of a sex offense under… Well, we're well aware now. I had never heard of that guideline until I read these briefs. Well, and, Your Honor, that's quite interesting in this case, because I filed our original brief in May, and in July, a case that the government has cited out of the Fifth Circuit, Gonzales-Medina, addressed a similar issue, at least as the same provision. But I would say that this Court is well-situated with the rest of the country in that apparently this is not a very much discussed provision. But it did raise its ugly head in our case here. And the basis for the enhancement that was asserted was the defendant's violation of the incest statute in Indiana, and specifically the allegation is that Mr. Booker had a sexual relationship, albeit brief, about a two-month period, with his daughter, who is an adult, an 18-year-old, who was living with her mother in a home that at that time Mr. Booker was visiting. And ultimately, there are several different issues that we've raised regarding the District Court's determination that the enhancement applies. First of all, we've raised the issue that, as this Court and the Supreme Court has discussed at length in analyzing convictions and prior offenses, the categorical approach, and a strict categorical approach… …rather than on a prior conviction. Has the Supreme Court ever used a categorical approach for an enhancement based on conduct rather than a conviction? Your Honor, I was unable to locate a case that addressed this. I think the answer is no. I tried. No. Has this Court ever done so? No, Your Honor. Has any court ever done so? I would say no, Your Honor, except that I don't believe that the issue has actually been addressed. And if we look at, for example… Well, probably not because of the way the categorical approach was introduced as a way to distinguish enhancements based on convictions from other enhancements. That's what Taylor was all about. That is true, Your Honor. Recidivist prosecutions depend on what you've been convicted of. But this is not a recidivist prosecution. Well, what the Court is suggesting, however, is if, in fact, during the period that the defendant had failed to register, he was convicted of incest, there would be a different analysis in the fact that the government relied on the incest statute to find that he had, in fact, committed the offense. It might be so. It would not make much sense, Your Honor, that we would attribute a great deal of protection to a conviction and yet less… I don't know how you would impose, use a categorical approach for, say, a perfectly standard enhancement under the guidelines for relevant conduct. The judge determines that the defendant embezzled $2 million, and so it looks up in the loss table and uses that amount. Or the judge determines that the defendant peddled 20 kilograms of powder cocaine, and so it looks up that amount in a table. How could one conceivably apply a categorical approach to these perfectly standard enhancements? Because, Your Honor, in this case, this is… I'm not asking about this case. I am asking about two situations that I presented to you, and I'd like you to address them. If we're talking about a loss valuation, we're not talking about an analysis of an offense conduct that is, in fact, the commission of another offense, whether we have a conviction… Oh, yes, we are. Selling cocaine is a crime. Every time somebody sells cocaine, he commits a new crime. Every one of those kinds of enhancements for relevant conduct is based on the commission of another crime. That's why I chose those examples. But, Your Honor, it's actually broader than that. When we talk about a loss valuation in fraud, there's already been an admission or a finding of guilt. The determination then becomes how much money is involved in the offense. Yes, we rely on relevant conduct. However, in this case specifically… And that's what's going on here, too. There's only one crime of conviction. The judge is deciding whether to apply an enhancement to increase the punishment for that crime of conviction. That's the same thing a judge does when the judge decides whether the defendant sold cocaine on some other occasion, and so gets a higher sentence. But in this case, the determination… I'm not asking about this case. That's why I want you to deal with my examples. They're generic, right? I want to know how your position affects the handling of guideline enhancements based on other crimes, like embezzlement or cocaine. It would have no impact whatsoever. The only other guideline that I can think of that is analogous to this would be, in fact, a four-point enhancement under 2K when the gun is possessed in relation to another felony offense. Right. Some enhancements or adjustments are specifically key to the commission of another offense or another crime, as opposed to conduct more generically. And the difficulty that I have with this case is that this guideline enhancement is key to the commission of another offense, and the sentencing commission directs us to the statutory definition of sex offense, as opposed to creating its own guidelines definition of sex offense, and the statutory definition is the predicate for SORNA writ large. And so we are dealing with a context, anyway, that's broader than just the guidelines. It includes the predicate offense, which has to be a conviction. Yes, and that's why this is different. 2A is different because in order to find that the enhancement applies, there has to be a judicial determination that the offense, the specific offense, was committed. Now, in fact, it requires a criminal offense, which has the element of sex act or sex contact. Obviously, that's there. And then it goes on to further delineate that an offense involving consensual sexual conduct is not a sex offense for purposes of this subchapter if the victim is an adult. And it's consensual. Yes, involving consensual sexual conduct. So even if we remove the categorical approach from it, it guts the provision if we remove the categorical approach because we're suggesting that basically it's a 3553A application rather than an application that's dictated by 2A. Actually, no, it just means that we're looking to circumstances, you know, we're assessing the specific circumstances of the offense and not the elements of the offense. Well, certainly we would have to begin with the elements of the offense to determine if, in fact, a criminal offense that meets a statutory definition happened. Right. And a further textual complication here is that this exception for offenses involving adult victims and consensual sex acts seems to contradict an earlier provision of the statute that specifically includes a whole bunch of sex crimes that don't involve the issue of consent at all. Well, I think it's certainly further defining what type of offense should be included. Well, right, the statute puts in a whole litany of sex offenses that have nothing to do with consent. Consent is not an element. Non-consent is the presence or absence of consent simply doesn't matter as an element, you know, from the standpoint of the elements of the offense. But then the exception seems to remove those. Your Honor, it narrows. I'm not sure I would say it removes it. It narrows the focus of what is intended by the commission and what is intended under SORNA to be, in fact, an offense that should be considered. I want to save a little bit of time for rebuttal, so I'll come back up. And I do want to talk about, though, even if we remove the categorical approach, we still have an inappropriate application of the enhancement. Certainly, counsel. Good morning. May it please the Court, Jill Koster on behalf of the United States. Ms. Koster. I'm unclear as to what Ms. Conner just said, the argument that she would make in rebuttal, because it's not as far as I can discern an argument she made in her brief. So I won't be able to respond to that, obviously, if she makes a new argument about the enhancement having been improperly applied. But regarding the arguments that are in her brief, the government's position is that this Court should affirm the sentence issued by the district court in this case. And to just directly address a couple of things that were said moments ago during oral argument, I don't agree with defense counsel that Mr. Rogers was visiting the home of the victim. He was, in fact, living in the home. He admitted that to law enforcement. He had been there for a period of months. Okay. I'd like to focus on the interpretive question as opposed to the facts. Fair enough. So if you would address the proper interpretation of the guideline and the statute, which operate together here. Yes, Your Honor. Going to Judge Easterbrook's point about this situation being no different than other instances where the guidelines allow the government to prove up conduct that is illegal at sentencing and allow a district judge to make findings of fact based on that evidence and therefore increase a defendant's sentence, this is exactly the same. Even if, as Ms. Conner pointed out, the drug quantity or loss amount are contested. If they were to be contested at sentencing, the government would have to prove by a preponderance that the defendant, in fact,  Are those enhancements key to the commission of an offense? To the commission of? An offense. I'm sorry. The enhancements are relevant conduct just as this is relevant conduct to the SORNA offense. The text of, as far as I know, there's, and there may be others. I don't have an encyclopedic knowledge of the sentencing guidelines, certainly not. But as far as I know, there's only a few enhancements or adjustments that are specifically key to the commission of another offense. Felon in possession in connection with a drug offense is one. This is another. But the general relevant conduct guidelines are key to the commission of conduct that the government can prove up, not key to a statutory offense. I agree with that, Your Honor. This guideline is unusual in that it refers to a statutory definition of an offense and then provides that definition, which is set forth in a civil regulatory scheme, SORNA. So this is also different in that sense because it's not a criminal offense that it keys to. It keys to a civil regulatory definition of sex offense, which was intended to be broad. And that was, I think, paramount to the decision of the Fifth Circuit when they decided the Gonzales-Medina case, that SORNA was meant to be broad. In fact, the definition that this offense refers to is titled the Amy Zila Expansion of Sex Offense Definition. And it's clear from the language used in the definition of sex offense under SORNA that that intention of a broad definition was intended. We see in subsection 5A, the definition of sex offense, that language is used that would suggest a categorical approach, where they say a criminal offense that has an element involving a sexual act or sexual contact with another. However, in the exceptions to the definition of sex offense under B and C, both of those have language, used language, that clearly is a circumstance-specific rather than categorical approach intended by Congress. Because if you look at subsection B, it says foreign convictions. A foreign conviction is not a sex offense for purposes of the subchapter if it was not obtained with sufficient safeguards for fundamental fairness and due process for the accused under guidelines or regulations established under this title. So clearly there, Congress is not intending a categorical approach. There's no way you can answer that question. What I'm hearing and what I understood from your brief is, I mean, your brief says the categorical approach doesn't apply at all, but it seems clear that it does at least in part. It applies for the threshold determination under the statute of whether the criminal offense has as an element a sex act or sexual contact with another. That has to be determined categorically. But then the exceptions, it seems to me, this is your argument, or you can clarify if I'm misstating it, the exceptions are non-categorical. I would agree with that interpretation, Your Honor. This court held in a prior case where the government had failed to prove up all of the elements of the offense that was referenced under SORNA, that therefore it wasn't, the six-level enhancement wasn't properly applied. So following that guidance, then we have to look at subsection C. And C, was that intended to have a categorical approach? And the language that's used is that it states an offense involving. And when they use that language, the Supreme Court has held, that's indicative of a circumstance-specific inquiry that's intended. And for the very reason, as you pointed out, that if we use the categorical approach in applying subsection C, we would exclude offenses that were specifically included by Congress within the definition of a sex offense under subsection A. Furthermore, to the point that was made earlier about the 3553A factors, I would also note that finding the categorical approach to limit the definition of sex offense as applied under this enhancement would also contradict 18 U.S.C. 3661, which states that no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. Right, but we're not talking about what the judge can and can't hear at sentencing and take into consideration in determining an appropriate sentence under 3553A. We're talking about whether this six-level enhancement applies, which really depends on the text of the guidelines and the statute. I agree with that, Your Honor. But my point, I guess, is more broadly. The categorical approach under these specific circumstances in this context just doesn't make sense to apply it here. Now, I agree that it would be different if this was a case about whether the defendant having been convicted only of the incest offense in Indiana is required to register. I do think that's a different circumstance. That's a different context. That's the context in which the Supreme Court created the categorical approach to statutory interpretation for due process reasons. Well, what we say here affects the interpretation of the statute because the guideline is specifically key to the statutory definition. Unless you say that given the context here and the circumstances, this is different. This is not the reason why the categorical approach. It's the same definition. So you're arguing that it should apply differently for guidelines purposes than it should for statutory purposes? I'm just saying this categorical approach wasn't created to be used to take what is a due process shield and use it as a sword at sentencing to say, basically, that this enhancement shouldn't have applied because of a legal technicality that the Indiana state offense doesn't require the government to prove up that the conduct was non-consensual when, in fact, here the government did prove up through witness testimony in front of the district court that this conduct was not consensual. Right, but the statute doesn't mean one thing for statutory SORNA purposes, in other words, for determining whether a conviction is a predicate for the SORNA duty and something else entirely for purposes of the sixth-level enhancement. Well, I think that the court could say that the categorical approach simply shouldn't be used in this way in this context. Well, the categorical approach is to determine whether this statutory definition is met. And so when you're talking about a prior conviction, and there's reasons for that because courts said, you know, going back and look. But the guideline is key to an offense, the commission of an offense. It is key to an offense, Your Honor, and the government proved up the commission of that offense at sentencing by a preponderance of the evidence. And if the court is inclined to say or to not make a distinction based on why the categorical approach was created, which I think is Judge Easterbrook's point earlier, or at least maybe I'm flattering myself. I think that's the point he was trying to make. And if you're not inclined to do that, I would still ask that you follow the Gonzalez-Medina case because there they held that taking a look at the history of SORNA and Congress's intention, it's clear that this was not meant to be a categorical approach applied to the two exceptions in subsections B and C. What does Congress have to do with this? We're trying to figure out the meaning of a particular chunk of the guidelines, and I assume that the commission could make it clear that a categorical approach either does or doesn't apply. But we just have a guideline that doesn't say one way or the other, and we have to figure out what happens. I suppose they could, Your Honor. I think, again, given the lack of any of this issue having been raised and of this argument having been made in other courts, maybe it is perhaps why the commission hasn't addressed that directly within the guidelines and the fact, again, that this really wasn't the categorical approach was designed to aid courts in going back to look at prior convictions. Right, to avoid all this collateral litigation over. Right. Whether a conviction qualifies as a predicate or not. And here, all of this litigation took place in front of the district court, in front of the sentencing court, who had an opportunity to view the witness, to determine credibility, make findings based on that. He did that, and he applied the enhancement, having found the conduct to be nonconsensual and having found the victim to have been under the defendant's custodial authority at the time. Thank you. Before you sit down, I have a factual question. Yes. Is this issue pending in any other court of appeals? Do you know whether it's before any other court of appeals? If it is, I'm unaware of that, Your Honor. Does that mean you've tried to find out and found nothing? When I wrote the brief, I believe that I conducted research that would have brought up a case. If it is, I haven't gone back since. I didn't ask, you know, a search will generally bring up decisions. I was asking whether something is pending. I don't know. For that, you would check with the criminal division, I would think. I suppose that's possible that they would know the answer to that, but I don't know. Okay. All right. Thank you. Ms. Conner. Yes. I will let the court know that when I originally had this case at the district court level before appeal, I was with the Federal Defender's Office, and I did send out an inquiry to the Federal Defender's System about whether or not anyone had addressed this issue, and I got no helpful responses. So I do want the court to be aware of that. Also, I think it's important with Gonzales-Medina that we remember that the phrase that is at issue in Gonzales-Medina, and that case has a petition for cert has been filed as of November 5th in that case out of the Fifth Circuit. I see my time's up. You can finish the quote. Okay. Addresses only that final phrase about whether or not there's a four-year difference between what could be a minor victim and the alleged perpetrator. And so I think that's important because in this case, the issue of consent is not even defined by the provision and therefore would suggest that the consent is defined by the elements of the offense as was applied in the Seventh Circuit's discussion in Johnson. Thank you. Thank you very much, Ms. Conner. We appreciate your willingness to accept the appointment in this case and your assistance to the court as well as your client. The case is taken under advisement, and the court will be in recess.